IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

HORACE F. HUNTER,

    Plaintiff

    v.                          Civil Action No. 3:11-CV-216-JAG

VIRGINIA STATE BAR, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on the motion to dismiss filed by Defendants Virginia State Bar, Karen Gould ("Gould"), and Renu Brennan ("Brennan," collectively "Defendants"). In this case, the Virginia State Bar has filed an ethics complaint against Plaintiff Horace F. Hunter ("Hunter") for failing to post a disclaimer on his law firm website. In his Complaint, Hunter alleges that requiring the disclaimer infringes upon his First Amendment rights. Hunter requests the Court to enjoin the pending disciplinary hearing before the Virginia State Bar as well as grant him monetary damages. The defendants contend that they are immune from suit and that the *Younger* doctrine counsels the Court to abstain from hearing the case. For the reasons stated below, the Court GRANTS Defendants' motion to dismiss.

### I. Standard of Review

Because this matter comes before the Court in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court will apply the familiar standards in considering the allegations in the Complaint. A motion to dismiss tests the sufficiency of a complaint; it does

not resolve contested factual issues. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S., 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id*. It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, that is, the "plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 540 U.S. at 545, to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id*. Although the Court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Matkari*, 7 F.3d at 1134; *see also Martin*, 980 F.2d at 952.

## II. Statement of Material Facts and Proceedings

Applying the standard discussed above, the Court has concluded that the following narrative represents the material facts for purposes of resolving the motion to dismiss.

Hunter filed a Complaint in this Court on April 5, 2011, alleging that a disciplinary action pending before the Virginia State Bar unconstitutionally infringes upon his First Amendment rights. Hunter is an attorney licensed by the Virginia State Bar to practice law in the Commonwealth of Virginia. (Compl. ¶ 6.) The Virginia State Bar is an administrative agency of the Supreme Court of Virginia authorized under the laws of Virginia to regulate attorneys in the practice of law. (*Id.* ¶ 7.) Gould is the Bar's Executive Director/Chief Operating Officer. (*Id.* ¶ 8.) Brennan is Assistant Bar Counsel of the Virginia State Bar; in her position, she prosecutes disciplinary cases. (*Id.* ¶ 9.) Hunter is suing Gould and Brennan in their official capacities. (*Id.* ¶¶ 8-9.)

Hunter is the president of the law firm Hunter & Lipton, PC. (*Id.* ¶ 10.) Hunter & Lipton, PC, maintains a website, a portion of which the plaintiff characterizes as a weblog (or "blog") entitled *This Week in Richmond Criminal Defense*. (*Id.* ¶ 11.) Many, but not all, of the entries on *This Week in Richmond Criminal Defense* herald Hunter's courtroom successes and identify him as the winning attorney. (Compl. Ex. A.)

On or about July 27, 2010, the Virginia State Bar notified Hunter that the blog did not conform to the Rules of Professional Conduct and instructed him to place a disclaimer on the blog. (*Id.* ¶ 12.) The disclaimer would advise potential criminal defendants and clients that results in their cases could vary, depending on the facts of each case. On or about August 5, 2010, Hunter responded to the Virginia State Bar, indicating that the blog was protected speech under the First Amendment of the Constitution. (*Id.* ¶ 13.) On September 10, 2010, Brennan initiated disciplinary proceedings against Hunter, and on September 21, 2010, Hunter filed a

formal response to the bar complaint.[1] (*Id.* ¶ 14.) The matter is scheduled for a disciplinary hearing on June 10, 2011, before a District Committee of the Virginia State Bar. (*Id.* ¶ 15.)

Hunter intends to continue to publish articles on his blog. (*Id.* ¶ 16.) He fears that the Virginia State Bar will take disciplinary action that may include revocation of his license to practice law in the Commonwealth of Virginia. (*Id.*)

Hunter maintains that the First Amendment protects his speech regarding the contents of his blog. (*Id.* ¶ 17.) He contends that the Virginia State Bar lacks the authority to coerce him under threat of disciplinary action to add content to his blog in the form of a disclaimer. (*Id.* ¶ 20.)

Hunter has filed suit under 42 U.S.C. § 1983. He seeks the following relief: (1) a declaratory judgment that the disciplinary action initiated by Defendants is unconstitutional as applied to Hunter as a violation of his First Amendment right to free speech; (2) a preliminary and a permanent injunction prohibiting Defendants from proceeding with the disciplinary action dealing with the blog; (3) compensatory damages of $25,000 or an amount proven at trial; (4) punitive damages of $50,000; and (5) costs and attorney's fees.

Defendants have filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### III. Discussion

As explained below, the Court finds that the Virginia State Bar is protected by the Eleventh Amendment; that Gould and Brennan may not be sued for money damages because they have been sued in their official capacities; that Brennan, as Assistant Bar Counsel, is

---

[1] The complaint deals with matters other than the disclaimer. It alleges that Hunter has divulged client confidences and has improperly implied that he is in a partnership. (Compl. Ex. F.) The other charges are not at issue in this case.

4

entitled to prosecutorial immunity; and that the *Younger* abstention doctrine applies to the instant case. The Court will, therefore, dismiss this case.

### A. The Virginia State Bar's Immunity Under the Eleventh Amendment

The Eleventh Amendment prohibits individuals from bringing suit against states and state agencies in federal court. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 361 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." (citations omitted)); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) (stating that the Eleventh Amendment applies "not only to actions in which a State is actually named as a defendant, but also certain actions against state agents and state instrumentalities" (citations omitted)). Although it is frequently described as a form of immunity, the protection of the Eleventh Amendment actually is a limit on federal court jurisdiction over states and state entities. *Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006); *Constantine v. Rectors, George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). Although Congress can abrogate states' Eleventh Amendment immunity, it has not done so for § 1983 cases. *Demuren v. Old Dominion University*, 33 F. Supp. 2d 469, 474-75 (E.D. Va. 1999), *aff'd*, 188 F.3d 501 (4th Cir. 1999).[2]

Pursuant to the Virginia Code, the Virginia State Bar is an agency of the Supreme Court of the Virginia. *See* Va. Code § 54.1-3910. Thus, the Court finds that the Virginia State Bar is protected by the Eleventh Amendment.

### B. Damages Claim as to Defendants Gould and Brennan

---

[2] In his response to the motion to dismiss, Hunter analyzes the doctrine of qualified immunity but does not address the Eleventh Amendment. Defendants have not yet asserted qualified immunity in this case.

5

Hunter has sued Gould and Brennan in their official capacities. According to the Supreme Court in *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself" (internal citations omitted). The real party in interest, therefore, is the state for which the officials are agents, the Commonwealth of Virginia. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, since a state cannot be a defendant, plaintiffs may not recover damages against state officials sued in their official capacities for claims asserted under 42 U.S.C. § 1983. *Nivens v. Gilchrist*, 444 F.3d at 248-49 (holding that a state officer sued in his official capacity was protected by the Eleventh Amendment).[3]

Accordingly, the Court finds that Hunter may not recover damages from Gould or Brennan.

*C. Prosecutorial Immunity as to Brennan*

Under both state and federal law, absolute immunity from civil liability attaches to prosecutors for acts within the scope of their duties. According to the Virginia Supreme Court, "In each case where a prosecutor is involved in the charging process, under Virginia law, that action is intimately connected with the prosecutor's rule in judicial proceedings and the prosecutor is entitled to absolute immunity from suit for such actions." *Andrews v. Ring*, 266 Va. 311, 321, 585 S.E.2d 780, 785 (2003). The same rule applies under federal law. *Imbler v. Pachtman*, 424 U.S. 409, 422-29 (1976) (incorporating common law principle of prosecutorial immunity).

---

[3] Hunter's response to the motion to dismiss does not address his entitlement to damages against state officials sued in their official capacity.

This Court applied *Andrews* in finding that counsel for the Virginia Board of Medicine was entitled to absolute prosecutorial immunity in a lawsuit following the revocation of a physician's medical license. *See Vuyyuru v. Jadhav*, No. 3:10-cv-173, 2011 U.S. Dist. LEXIS 42254, at *33-34 (E.D. Va. Apr. 18, 2011) ("The Virginia Supreme Court has never considered whether prosecutorial immunity attaches in administrative proceedings. But neither has the court given any indication that it rejects the rule . . . conferring immunity on a prosecutor arguing the government's case in an administrative proceeding."). In *Leach v. Virginia State Bar*, 73 Va. Cir. 362, 363 (Va. Cir. 2007), *available at* 2007 LEXIS 221, the Circuit Court for the City of Richmond cited *Andrews* in finding that bar counsel was entitled to prosecutorial immunity.[4]

Thus, consistent with the case law, the Court finds that Brennan, as Assistant Bar Counsel of the Virginia State Bar, is entitled to absolute prosecutorial immunity for those actions set forth in the Complaint.

*D. Younger Counsels Abstention*

*Younger v. Harris,* 401 U.S. 37 (1971), and the cases in its wake, set forth a strong policy against federal court intervention in ongoing state judicial proceedings, absent extraordinary circumstances. The *Younger* abstention doctrine originally developed in the criminal context. The Supreme Court, however, has extended its use under the rationale that *Younger* abstention applies to those "'state administrative proceedings in which important state interests are vindicated, so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim.'" *Va. Inst. of Autism v. Va. Dep't of Educ.*, 537 F. Supp. 2d 817, 820 (E.D. Va. 2008) (quoting *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, (1986)). The *Younger* abstention doctrine recognizes that

---

[4] In his response to the motion to dismiss, Hunter does not address the issue of prosecutorial immunity.

7

comity between state and federal governments requires "'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)).

Under the *Younger* doctrine, a federal court should abstain from hearing a case over which it otherwise has jurisdiction if there is an ongoing state proceeding that implicates a substantial state interest and the plaintiff will have an adequate opportunity to raise the federal constitutional challenge during the state proceeding. *See Moore v. City of Asheville, N.C.*, 396 F.3d 385, 390 (4th Cir. 2005) (citations omitted); *Va. Inst. of Autism*, 537 F. Supp. 2d at 820 (citations omitted).

Disciplinary proceedings are already underway in the instant matter. The bar complaint was filed on September 10, 2010, Hunter responded on September 21, 2010, and the disciplinary hearing is scheduled for June 10, 2011. This Court has stated that bar disciplinary proceedings are judicial in nature. *See Motley v. Va. State Bar*, 403 F. Supp. 2d 468, 472 (E.D. Va. 2005); *see also Leach*, 73 Va. Cir. at 363 (stating that Virginia State Bar disciplinary proceedings "are judicial in nature"). Pursuant to the Virginia Code and the Rules of the Supreme Court of Virginia, following a determination by the Virginia State Bar's District Committee of the hearing on June 10, 2011, Hunter may appeal to a disciplinary board or three-judge panel. Hunter may appeal of right the determination of the disciplinary board or three-judge panel to the Supreme Court of Virginia. He would then have the opportunity to petition the U.S. Supreme Court.

States have a strong interest in regulating the practice of law. *See, e.g., Middlesex*, 457 U.S. at 434 ("States traditionally have exercised control over the professional conduct of attorneys. The ultimate objective of such control is the protection of the public, the purification of the bar and the prevention of a re-occurrence." (internal citations and internal quotation marks omitted)). The Fourth Circuit has not confronted this precise issue, but other courts of appeals have affirmed dismissal under *Younger* where an attorney filed suit in federal court seeking to enjoin state disciplinary proceedings. *See, e.g., Gillette v. N.D. Disciplinary Bd. Counsel*, 610 F.3d 1045 (8th Cir. 2010); *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328 (6th Cir. 2007); *Sekerez v. Supreme Court of Ind.*, 685 F.2d 202 (7th Cir. 1982).

Hunter will have the opportunity to raise his First Amendment challenges in the bar disciplinary hearing. For example, in *Motley v. Virginia State Bar*, 260 Va. 243, 247, 536 S.E.2d 97, 99 (2000), the attorney had challenged a disciplinary rule as unconstitutionally vague before the disciplinary board. In *Anthony v. Virginia State Bar*, 270 Va. 601, 621 S.E.2d 121 (2005), the Virginia Supreme Court affirmed the public reprimand of an attorney who asserted First Amendment rights to make certain statements.

Finally, allowing Hunter to utilize the federal courts to circumvent the state bar disciplinary process would intrude upon the province of the state court and run afoul of the purpose of *Younger*.

In his response to the motion to dismiss, Hunter says that the Court should not dismiss the monetary claims he has raised because he cannot assert those claims in the disciplinary case. Regardless, the claims for money damages fail for the reasons discussed earlier in this opinion.

For these reasons, under *Younger* and its progeny, the Court will abstain from intervening in the pending state bar disciplinary hearing, and will dismiss the case. Thus, the Court need not address the merits of Hunter's First Amendment claim at this time.

### IV. Conclusion

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss. Hunter's pending motion for a temporary injunction is therefore DENIED as moot.

The Court will enter an appropriate order.

/s/ John A. Gibney, Jr.
United States District Judge

Date: May 9, 2011
Richmond, VA